ORIGINAL

1  RICHARD J. DIEHL, Esq. (SBN 003409)
   **DIEHL & WEGER**
2  6700 Kalanianaole Hwy., Suite 208
3  Honolulu, HI 96825
   Tel: (808) 396-4080
4  Fax: (808) 395-4440

5  PATRICIA BARBOSA, Esq. (CA SBN 125865)
6  **BARBOSA, METZ, IKEDA & HARRISON, LLP**
   17547 Ventura Blvd., Suite 310
7  Encino, CA 91316
   Tel: (818) 386-1200
8  Fax: (818) 386-1212

9

10 Attorneys for Plaintiffs, KAREN MICHAUD and RICHARD SKAFF

11              **UNITED STATES DISTRICT COURT**
12                  **DISTRICT OF HAWAII**
13

14 KAREN MICHAUD and RICHARD      CASE CV10 00530 ACK KSC
   SKAFF,
15                                 Civil Rights
         Plaintiff,
16                                 **COMPLAINT FOR INJUNCTIVE
17 v.                              RELIEF AND DAMAGES:** DENIAL
                                   OF CIVIL RIGHTS OF A DISABLED
18 KULA LODGE AND RESTAURANT,      PERSON IN VIOLATION OF TITLE
   INC.; FRED ROMANCHAK and DOES   III OF THE AMERICANS WITH
19 1 through 10, Inclusive,        DISABILITIES ACT; AND HAWAII
                                   CIVIL RIGHTS LAWS
20
21       Defendants.

22                                 **DEMAND FOR JURY TRIAL**

23 ─────────────────────────────
24

25       Plaintiffs, KAREN MICHAUD and RICHARD SKAFF, complain of
26 Defendants, KULA LODGE AND RESTAURANT, INC.; FRED ROMANCHAK;
27 and DOES 1 through 10, Inclusive, and alleges as follows:
28 ///

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**                          1

## INTRODUCTION:

1. The Kula Lodge and Restaurant (hereinafter, "the Lodge" or "Restaurant") is a self-proclaimed "wonderful place to meet or treat your friends," and is one of the popular tourist locations offered to visitors to Maui as a place to see beautiful sunsets and the lush vegetation of Upcountry Maui. It is also the subject facility of Plaintiffs' complaint. The Lodge is located in the town of Kula on the western slope of Haleakala Crater. The Kula Lodge and Restaurant offers its guests chalets for overnight stays, restaurant facilities, shops, and beautiful grounds and terraces with spectacular views of the Pacific Ocean and the West Maui mountains. Unfortunately, on information and belief many if not all of the chalets and amenities are not accessible to persons who use wheelchairs or others who have mobility disabilities due to the lack of accessible facilities and dangerous conditions, as discussed herein. On information and belief, the Kula Lodge and Restaurant has been constructed, altered, added to, and/or structurally repaired after January 26, 1992, in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), which was enacted to protect the civil rights of disabled persons to use public accommodations in a full and equal manner.

2. Plaintiff KAREN MICHAUD ("Michaud" or, collectively with RICHARD SKAFF, "Plaintiffs") is a qualified person with a physical disability who requires the use of a wheelchair for mobility, and cannot stand or walk.

3. Plaintiff RICHARD SKAFF ("Skaff" or, collectively with KAREN MICHAUD, "Plaintiffs") is a qualified person with a physical disability who requires the use of a wheelchair for mobility, and cannot stand or walk.

4. KULA LODGE AND RESTAURANT (the "Lodge"); KULA LODGE AND RESTAURANT, INC. (the "Corporation"); FRED ROMANCHAK ("Romanchak"); and DOES 1 through 10, Inclusive (collectively "Defendants"), are the owners, operators, lessors and/or lessees of the Lodge, located at 15200 Haleakala Highway, Kula, Hawaii. Plaintiffs allege that the Lodge has been constructed, added

to and/or structurally repaired in violation of Title III of the ADA and its implementing regulations, and Americans with Disabilities Act Accessibility Guidelines ("ADAAG") enacted to provide disabled access to persons with physical disabilities in places of public accommodation. Plaintiffs allege that Defendants have failed to provide disabled accessible guestrooms and amenities that are offered to able-bodied persons, and have not made the Restaurant accessible to and safe to use by persons with disabilities, despite Defendants' obligations under Title III of the ADA to make their facilities accessible to and useable by persons with disabilities and that they provide their goods, services, and accommodations in a non-discriminatory manner to Plaintiffs and other disabled persons. As a result, Plaintiffs have been excluded and denied the benefits and privileges offered by Defendants at these lovely facilities and have suffered damages. Plaintiffs seek an injunction to require Defendants to remove physical barriers excluding disabled persons from their facilities and modify their policies, practices and procedures to ensure that the Lodge, the Restaurant, and its related facilities, including parking and exterior and interior paths of travel be accessible to and usable by physically disabled persons, as required by law. Plaintiffs are deterred, excluded and denied the benefits and privileges of these public accommodations, and cannot safely use the public facilities at the Lodge and Restaurant until such time as Defendants make their public accommodations and facilities readily accessible to and usable by Plaintiffs and other similarly disabled persons.

**JURISDICTION AND VENUE:**

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*.

6.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in Hawaii and that Plaintiffs' causes of action arose in Hawaii.

**FIRST CAUSE OF ACTION:
VIOLATION OF THE AMERICANS WITH DISABILITIES
ACT OF 1990
42 USC § 12101,** *et seq.*

7.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 6 of this Complaint, and incorporate them herein as if separately repled.

8.   Defendants are the owners, operators, lessors, and/or lessees of the Kula Lodge and Restaurant. Plaintiffs are informed and believe that each of the named Defendants herein, including KULA LODGE AND RESTAURANT; KULA LODGE AND RESTUARANT, INC.; FRED ROMANCHAK and DOES 1 through 10, inclusive, are the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission and/or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved and/or ratified each of the acts or omissions of each other Defendant, as herein described. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants are ascertained. References to "Defendants" unless otherwise specified, shall be deemed to refer to all Defendants and each of them.

9.   Plaintiff Skaff is a "person with a disability" or "physically handicapped person." (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning.) He is a paraplegic as the result of an accident and a disabled activist

who has spent most of his adult life working to eliminate discrimination against persons with disabilities including: working for the San Francisco Mayor's Office on disability, volunteering hundreds of hours to work with disability groups promoting accessible legislation and working with state and federal boards and commissions regulating and interpreting access codes and regulations. Currently, Skaff is Executive Director of Designing Accessible Communities, a non-profit educational organization working with businesses and disability communities to promote accessible facilities in place of public accommodations. Skaff is also a regular visitor to Maui to see friends, family and for relaxation and health benefits, and wishes to visit and enjoy the goods, services and amenities offered by Defendants at the Lodge and Restaurant with friends and family. Skaff seeks to live his life fully and model independence as part of mainstream society without being deterred by unlawful access barriers in public accommodations, and therefore he seeks to enforce his rights to readily accessible facilities at the Kula Lodge and Restaurant for the benefit of himself and others similarly disabled persons.

10. Plaintiff Michaud is a "person with a disability" or "physically handicapped person." Plaintiff lives on Maui and wants to use the Restaurant and its amenities with friends and family, and seeks to live her life fully and model independence as part of mainstream society without being deterred by unlawful access barriers in public accommodations, and therefore she seeks to enforce her rights to readily accessible facilities at the Kula Lodge and Restaurant for the benefit of herself and others similarly disabled.

11. In 1990, the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities" and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of

opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." [42 U.S.C. § 12101.]

12. Congress stated as its purpose in passing the Americans with Disabilities Act (42 U.S.C. § 12101(b))

> It is the purpose of this act:
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities."

(Emphasis added.)

13. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181, *et seq.*). Among "private entities" which are considered "public accommodations" for purposes of this title are "an inn, hotel, motel, or other place of lodging" and "a restaurant, bar, or other establishment serving food or drink". [42 U.S.C. §12182(7)(A)&(B).]

14. Pursuant to 42 U.S.C. § 12182: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

15. Among the specific prohibitions against discrimination were included:

§ 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§ 302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

16. The acts and omissions of Defendants set forth herein were in violation of Plaintiffs' rights under Title III of the ADA and the regulations promulgated under 28 C.F.R. Part 36, *et seq.*

17. On information and belief, Defendants designed, constructed, significantly altered and/or added to the Lodge facilities since January 26, 1992, with access barriers in violation of 42 U.S.C. § 12183(a)(1), and the Department of Justice regulations enacted to enforce Title III protections. Further, the removal of each of

the barriers complained of by Plaintiffs, as herein alleged, was at all times mentioned "readily achievable" under the standards of Section 309 of the ADA, as a continuing obligation since January 26, 1992. Further, on information and belief, Defendants have, since January 26, 1992, performed alterations and/or additions, including alterations to areas of primary function, which, because of the failure to provide access, violate Section 303(a)(2) of the ADA, and the regulations promulgated thereunder; 28 CFR Part 36, including an outdoor addition to the Restaurant that is situated on a series of inaccessible tiers. On information and belief, the construction of this large addition would have triggered an accessible entrance to the Restaurant, a path of travel from the parking, accessible restrooms serving the newly constructed areas, and an interior path of travel to the new addition. Within the last year of the filing of this complaint, Plaintiffs have been denied full and equal access to the subject premises, and continue to be denied the benefits, privileges and accommodations offered to able-bodied guests on the basis of their disabilities, which violates Plaintiffs' rights under the ADA, and discriminates against Plaintiffs, thus wrongfully denying to Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of Title III of the ADA. [42 U.S.C. § 12182.]

18.   On information and belief, Defendants have also failed to modify their policies and procedures to provide disabled guests with the special amenities and services that Defendants offer to the general public, including access to their food, entertainment and outdoor facilities.

19.   Pursuant to Title III of the ADA [§ 308], Plaintiffs are entitled to the remedies and procedures set forth in the Civil Rights Act of 1964, § 204(a) [42 USC § 2000(a)-3(a)], as Plaintiffs are being subjected to discrimination on the basis of disability in violation of this title. On information and belief, Defendants continue to violate the law and deny Plaintiffs' rights and that of other disabled persons to access at this public accommodation for at least the last year prior to the filing of this

complaint. Pursuant to §308(a)(2): "In cases of violations of §303(a) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title . . . injunctive relief shall also require the provision of an auxiliary aid or service, modification of a policy or provision of alternative methods, to the extent required by this title."

20. Plaintiffs seek relief pursuant to remedies set forth in the Civil Rights Act of 1964, §204(a) (42 U.S.C. § 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the ADA, including but not limited to an order granting injunctive relief and attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12205 [§505]. Plaintiffs are qualified individuals for purposes of Section 308(a) of the ADA who are being subjected to discrimination on the basis of disability in violation of Title III and who have reasonable grounds for believing they will be subjected to such discrimination each time that they may attempt to use the Lodge and its related public accommodations.

## FACTS OF THE CASE

21. Plaintiff Skaff has traveled to Maui to visit family and for health and relaxation for many years, and intends to continue to visit Maui regularly in the future, with eventual plans of moving to Maui with his wife. Plaintiff Michaud is a long time resident of Maui.

22. When Plaintiff Skaff asked about an accessible guestroom in the Lodge, he was informed that there were no accessible guestrooms. When he sought to eat at the Restaurant he found that he could not safely enter the Restaurant due to barriers in the path of travel, including a very steep and dangerous ramp from the parking to the Restaurant's entrance. Had Skaff entered the Restaurant he would have found that the restrooms were wholly inaccessible and he would not have been able to enter stalls or use the toilets. Additionally, he would not have been able to eat outside in the recent addition to the Restaurant, as he could not reach the tables in the tiered

seating areas. Such barriers include but are not limited to: parking for the Restaurant that was not properly signed, configured or located for accessibility, and without an accessible path of travel to the entrance; limited access to the Lodge, and no accessible guestrooms available for him to use; dangerous and unusable ramp from the lower parking to the entrance to the Restaurant or the Lodge; inaccessible public restrooms, and inaccessible paths of travel throughout the Kula Lodge Farmer's Market.

23. On information and belief, the Lodge does not offer the following: fully accessible guestrooms as required under the ADA, which should be provided in the number required, accessible public restrooms, or accessible parking for any facility other than the Store because of the lack of path of travel from the lower parking to the Restaurant or the Lodge. Neither Plaintiff is able to access or safely use these unique public accommodations until the dangerous and inaccessible facilities are made readily accessible to and usable by persons with disabilities.

24. Plaintiffs are deterred from returning and safely using the facilities at the Lodge due to the continuing lack of disabled access. Plaintiffs cannot return without facing continuing discrimination in the multiple respects set forth in this Complaint until Defendants make the Lodge and all of its amenities fully accessible to persons with disabilities.

25. <u>Request for Injunctive Relief</u>: The acts and omissions of Defendants as complained of herein continue to have the effect of wrongfully excluding Plaintiffs and other members of the public who are physically disabled, including wheelchair users, from full and equal access to that public accommodation known as the Kula Lodge and Restaurant. Such acts and omissions are the cause of fear, humiliation and mental and emotional suffering of Plaintiffs in that these actions continue to treat Plaintiffs as inferior and second class citizens and serve to discriminate against them on the sole basis that they are persons with disabilities who require the use of a wheelchair for mobility in public places. Plaintiffs are unable, so long as such acts

and omissions of Defendants continue, to achieve equal access to and use of this public accommodation. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiffs if not enjoined by this Court.

Wherefore Plaintiffs pray for damages and injunctive relief as hereinafter stated.

## SECOND CAUSE OF ACTION:
## VIOLATION OF HAWAII CIVIL CODE § 489-3

26. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 25 of this Complaint, and incorporate them herein as if separately repled.

27. Any person who is injured by an unlawful discriminatory practice, may sue for damages sustained. Plaintiffs, under H.R.S. § 489.75 shall be awarded a sum not less than $1,000 or threefold the actual damages sustained by Plaintiffs, whichever is greater, as well as reasonable attorneys' fees and costs.

28. On information and belief, Plaintiffs have been damaged by Defendants' unlawful discriminatory practices that have denied and continue to deny them the goods, services, privileges and accommodations offered to the general public at the Kula Lodge and Restaurant.

29. <u>Request for Damages:</u> The acts and/or omissions of Defendants as complained of herein continue to have the effect of wrongfully excluding Plaintiffs and other members of the public who are physically disabled, including wheelchair users, from full and equal access to the Kula Lodge and Restaurant. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiffs in that these actions continue to treat Plaintiffs as inferior and second class citizens and serve to discriminate against them on the sole basis that they are persons with disabilities who require the use of wheelchairs for mobility in public places. Plaintiffs request damages for this continuing violation of their civil rights.

///

30. As a result of Defendants' acts and omissions in this regard, Plaintiffs have been required to incur legal expenses and attorneys' fees, as provided by Hawaii law, in order to enforce Plaintiffs' rights and to enforce provisions of the laws protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiffs therefore seek recovery of all reasonable attorneys' fees and costs pursuant to the provisions of Hawaii law.

Wherefore Plaintiffs pray for damages and injunctive relief as hereinafter stated.

## PRAYER

### FIRST CAUSE OF ACTION

1. For injunctive relief under the Americans with Disabilities Act of 1990, including ordering Defendants "to alter the facilities to make such facilities readily accessible to and usable by individuals with disabilities," and to modify policies as required pursuant to Title III of the ADA, § 308 [42 U.S.C. § 12188];

2. For attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA, § 505 [42 U.S.C § 12205], and attendant regulations;

3. For such other and further relief as the Court may deem proper.

### SECOND CAUSE OF ACTION

4. For damages, injunctive relief, attorneys' fees and costs pursuant to H.R.S. § 489-7.5; and

5. For such other and further relief as the Court may deem proper.

Dated: July 13, 2010                         **DIEHL & WEGER**

By: _____
RICHARD DIEHL, Esq.
Attorneys for Plaintiffs, KAREN MICHAUD and RICHARD SKAFF

///